## BENJAMIN MORRILL, *Adm'r* vs. DANIEL MORRILL, *Ex'r.*

An action cannot be maintained against one, as *executor de son tort*, who has not interfered with any personal property belonging to the supposed testator at the time of his decease.

Thus where a father made a voluntary conveyance of real and personal property to his son, and the son during the lifetime of the father sold and disposed of all the personal property so conveyed to him; an action cannot be sustained against the son, as executor in his own wrong.

THIS was an action of *assumpsit* on a note of hand given by *Daniel Morrill*, deceased, to the plaintiff's intestate. The plaintiff claimed to charge the defendant as executor in his own wrong, and offered proof tending to shew, that about twelve years before the said *Daniel's* decease, he conveyed to the defendant, his son, a valuable farm, and stock of cattle, upon the consideration that the defendant promised to support the deceased and his wife during their natural lives. At the time of this conveyance the demand on which this action was founded and some other debts were due and owing by the said *Daniel*, deceased. *Parris J.*, who presided at the trial, instructed the jury upon the principles of law applicable to fraudulent sales ; and among other things stated to them, that the property conveyed to the son was liable in his hands during the father's lifetime, for the payment of this debt; but that if the son during the lifetime of the father sold and disposed of all the property conveyed to him by the father, and none of it remained in his, the son's, hands at the father's death, and he did not thereafter intermeddle with it, he could not be charged as executor in his own wrong.

If the instructions were wrong the verdict, which was for the defendant, is to be set aside, and a new trial granted.

*J. Williamson*, for the plaintiff.

A fraudulent conveyance or gift of property by a person deceased, in his lifetime, does not prevent the fraudulent donee from being charged, as *executor de son tort*, in a suit, by a creditor of the deceased. *Osborn* v. *Morse*, 7 *Johns. R.* 161; *Hawes* v. *Loader, Yelverton*, 196; *Bac. Ab. Fraud, C;* 2 *Wm's Saund.* 137, *note* 2.

The only question in the case is, whether the instruction was not erroneous in saying, that the defendant could not be holden, when the identical personal property had been changed, and other property obtained in its stead. The personal property here had been kept on the farm; and the property substituted for such as had been disposed of is to be considered, as belonging to the deceased, so far as creditors are concerned. *Staples* v. *Bradbury,* 8 *Greenl.* 181. The personal property is identified as the same by being on the farm.

The defendant is also liable, because the real estate, fraudulently conveyed to him, remained in his hands and occupation. The law in *England*, where land is not liable for the payment of debts, may be otherwise, but here there should be no distinction. The counsel commented on *Mitchell* v. *Lunt*, 4 *Mass. R.* 654, and argued, that the decision of that case was not against him in principle.

But intermeddling and taking the profits of real estate, even in England, makes the person doing it, liable, as executor *de son tort*. 3 *Bac. Ab.* 22; *Toller*, 38; *Starkie on Ev.* 553; *Osborn* v. *Morse*, before cited.

*Alden*, for the defendant, said that the case, *Mitchell* v. *Lunt*, 4 *Mass. R.* 654, was decisive of the case now before the Court. Neither the possession of land conveyed by the deceased, even if done in fraud of creditors, nor owing a debt to the estate of the deceased, will make one executor in his own wrong. Here the case shews, that the property received from the father had been disposed of in his lifetime. The case, *Staples* v. *Bradbury*, cited for the plaintiff, has no application to the facts here. There was no conveyance of the property by the father to the son, and

by the contract, the son was to act as the father's agent in respect to the personal property.

The opinion of the Court was drawn up and delivered at the *April* term following, in *York,* by

WESTON C. J. — The sale of the stock, by *Daniel Morrill,* deceased, to the defendant, was made upon a valuable consideration ; and was good between the parties. If it might have been defeated by the creditors of the deceased ; until they interposed, the defendant had a lawful right to sell and dispose of it, in the lifetime of the elder *Morrill.* This having been done, it does not appear, that the defendant has, since his death, interfered with any personal property, which belonged to him at the time of his decease ; and unless he is proved to have done so, he cannot be charged as executor *de son tort.* The doctrine has never been carried so far, as to unravel transactions in regard to property of this description, which had been lawfully sold and disposed of, before the decease of the supposed testator. The creditors should have looked up the property at an earlier period.

In our opinion, the jury were properly instructed by the Judge who presided at the trial.

*Judgment on the verdict.*